IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANN WILSON, AKA ANNA WILSON, CRW

        Plaintiff,

v.

ETHICON WOMEN'S HEALTH AND UROLOGY., et al.

        Defendants

Civil Action No. 2:14-cv-13542

**MEMORANDUM OPINION & ORDER**

Pending is Plaintiff Ann Wilson's Motion for Sanctions [Docket 19]. The motion is ripe for review. Because the defendants' improper removal of this case was a violation of Federal Rule of Civil Procedure 11, the motion is **GRANTED**. The law firm filing the notice of removal in this action, Drinker Biddle & Reath LLP, is hereby **SANCTIONED** in an amount equal to the plaintiff's just costs and attorney's fees incurred in handling the motion to remand. The full amount of the sanction will be determined by the court after the plaintiff has filed an accounting.

I.  Background

This is one of over 55,000 cases assigned to me by the Judicial Panel on Multidistrict Litigation. Approximately 18,000 of these cases have been filed against Ethicon, Inc. and related entities in the Ethicon MDL. These cases arise out of alleged defects in transvaginal surgical mesh used to treat stress urinary incontinence and pelvic organ prolapse. Last year, the Ethicon defendants, (in this case, Ethicon Women's Health and Urology, Ethicon, Inc., Gynecare, and Johnson & Johnson), began removing cases filed in the Court of Common Pleas of Philadelphia

County. They argued that removal of these cases was proper because they believed another defendant, Secant Medical, LLC ("Secant"), had been fraudulently joined. On December 19, 2013, I issued an order finding that Secant had not been fraudulently joined and remanding three cases. *See In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:13-cv-26024, 2013 U.S. Dist. LEXIS 178317 (S.D. W. Va. Dec. 19, 2013).

Ethicon, however, continued to remove cases and continued to argue that Secant had been fraudulently joined. In several cases, Ethicon also argued that this court had federal question jurisdiction over the plaintiffs' claims. I reiterated my finding that Secant had not been fraudulently joined, and also held that these state court cases "do[] not present a federal question under 28 U.S.C. § 1331[.]" *See, e.g.*, Order, *Bisacca v. Ethicon Women's Health & Urology*, No. 2:14-cv-07683, Docket 20, Apr. 3, 2014. In the instant case, Ethicon based its removal solely on the premise of federal question jurisdiction. Due to Ethicon's unjustifiable removal of the instant case, the plaintiff has moved for sanctions.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 11, lawyers certify that the legal contentions they make "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(2). In the Fourth Circuit, "[a]n assertion of law violates Rule 11(b)(2) when, applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998) (internal quotations omitted). However, merely "asserting a losing legal position . . . is not of itself sanctionable conduct." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002). According to the Advisory Committee Notes to Rule 11, "the extent to which a litigant has

2

researched the issues and found some support for its theories even in minority opinions, in law review articles, or through consultation with other attorneys should certainly be taken into account in determining whether" the rule has been violated. Fed. R. Civ. P. 11 advisory committee note to 1993 Amendments.

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction" on the attorneys who violated the rule. Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

### III.  Discussion

Ethicon's continued removal of these cases ignores both prior decisions of this court and clearly established federal law. Ethicon claims in its opposition to the motion to remand that "Defendants have no desire to remove cases only to have them remanded or to re-litigate issues already decided by the Court." (Defs. Ethicon, Inc. and Johnson & Johnson's Mem. of Law in Opp. to Pl.'s Mot. to Remand [Docket 18], at 2). However, by removing cases with no ascertainable legal basis, that is exactly what the defendants are doing.

Section 1331 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As the Supreme Court of the United States has explained:

> Under our longstanding interpretation of the current statutory scheme, the question whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." A defense that raises a federal question is inadequate to confer federal jurisdiction. Since a defendant may remove a case only if the claim could have been brought in federal court, moreover, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint."

*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Despite clearly established law requiring that the basis for federal question jurisdiction appear on the face of the well-pleaded complaint, Ethicon now argues that this court can exert federal question jurisdiction because of an affirmative defense another defendant intends to raise.

The Biomaterials Access Assurance Act of 1998 ("B.A.A.A.") provides immunity to biomaterials suppliers who provide component parts to manufacturers of medical devices. *See generally* 21 U.S.C. §§ 1601 *et seq*. Ethicon argues that Secant, a defendant in a number of cases filed in state court in Pennsylvania, is a biomaterials supplier under B.A.A.A. This court rejected Ethicon's argument that Secant had been fraudulently joined by the plaintiffs and remanded numerous cases where Ethicon made this argument. *See, e.g.*, *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:13-cv-26024, 2013 U.S. Dist. LEXIS 178317 (S.D. W. Va. Dec. 19, 2013).

Once Ethicon realized that this court would not be changing its mind regarding fraudulent joinder, it then attempted to argue that this court had federal question jurisdiction over the plaintiffs' state tort law claims. Ethicon confusingly bases this argument on some combination of the B.A.A.A. and the Supreme Court case *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). This argument is entirely without merit. Neither the B.A.A.A. nor *Grable* purported to change the long-standing rule that the basis for federal question jurisdiction must be found in the well-pleaded complaint. Indeed, "*Grable* emphasized that it takes more than a federal element to open the 'arising under' door," *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); it did not change the established rule that the element conferring federal jurisdiction over a case must be seen on the face of the well-pleaded complaint. *See generally Grable*, 545 U.S. 308; *see also, e.g.*, *Chicago Tribune Co.*

4

*v. Bd. of Trustees of Univ. of Illinois*, 680 F.3d 1001, 1003 (7th Cir. 2012) ("*Grable* has nothing to do with using federal defenses to move litigation to federal court. In *Grable* the federal issue was part of the plaintiff's own claim."). Additionally, the B.A.A.A. itself provides that "[n]othing in this Act may be construed . . . to create a cause of action or Federal court jurisdiction pursuant to section 1331 or 1337 of title 28, United States Code, that otherwise would not exist under applicable Federal or State law." 28 U.S.C. § 1603(d)(2).

Despite the B.A.A.A.'s clear statement that it does not give the courts federal question jurisdiction and despite the existence of the well-pleaded complaint rule, Ethicon now argues that the B.A.A.A., in combination with *Grable*, somehow creates federal question jurisdiction. Ethicon makes this contention by choosing specific quotes from *Grable* that seem to support its argument, without regard for what the case actually addressed. Importantly, "*Grable* does not alter the rule that a potential federal defense is not enough to create federal jurisdiction under § 1331." *Chicago Tribune Co. v. Bd. of Trustees of Univ. of Illinois*, 680 F.3d 1001, 1003 (7th Cir. 2012). Nothing in *Grable* can be reasonably understood to alter the long-standing notion that the basis for federal jurisdiction must appear on the face of the well-pleaded complaint. Lest there be any confusion about this matter, the Supreme Court reiterated after *Grable* that "it would undermine the clarity and simplicity of [the well-pleaded complaint] rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings in determining whether a case 'arises under' federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009). In *Vaden*, the Court held that federal jurisdiction cannot be premised upon a defense or counterclaim, and noted that:

> Under the longstanding well-pleaded complaint rule . . . a suit "arises under" federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law. Federal jurisdiction cannot be predicated on an actual or anticipated defense: "It is not enough that the plaintiff alleges some anticipated

>  defense to his cause of action and asserts that the defense is invalidated by some provision of federal law."

*Id.* at 59-60 (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Likewise, after *Grable*, the Fourth Circuit restated the established rule:

> Under what has become known as the well-pleaded complaint rule, § 1331 federal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law; actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question.

*In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006).

This case is not the first time that I have rejected Ethicon's argument that these state law tort cases present a federal question. In several other cases removed by Ethicon, I found that they "do[] not present a federal question under 28 U.S.C. § 1331[.]" *See, e.g.*, Order, *Bisacca v. Ethicon Women's Health & Urology*, No. 2:14-cv-07683, Docket 20, Apr. 3, 2014. In those cases, I rejected precisely the same arguments Ethicon now makes. There is nothing new or exceptional in the instant matter that was not present in those earlier cases. To suggest that federal question jurisdiction exists over these state tort claims because of an affirmative defense ignores the very clear precedent to the contrary. Rehashing this same issue endlessly wastes the time of both the parties and the court, and cannot be casually overlooked.

Ethicon's argument that this court should assert federal question jurisdiction over a state law claim merely because of an available affirmative defense has "absolutely no chance of success under the existing precedent." *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006). It cannot be said that a reasonable attorney in like circumstances would have thought his actions were legally justified. It is a basic concept taught in the first year of law school that the basis for federal question jurisdiction must be found on the face of the well-pleaded complaint. *See, e.g.*, Richard D. Freer, *Introduction to Civil Procedure* § 4.6, at 193 (2006) ("To invoke jurisdiction

under § 1331, federal law must be part of the plaintiff's 'well-pleaded' complaint . . . . the court looks only to the plaintiff's complaint—not to the defendant's assertions of defenses or to the defendant's filing of counterclaims against the plaintiff—to determine whether there is federal question jurisdiction."); Edwin Chemerinsky, *Federal Jurisdiction* § 5.2, at 295 (6th ed. 2012) ("[I]t must be clear from the face of the plaintiff's complaint that there is a federal question"); *see also, e.g.*, Charles Alan Wright et al., *Federal Practice & Procedure* § 3566, at 265 (3d ed. 2008) ("[T]he well-pleaded complaint rule . . . . bars invoking jurisdiction on the basis of a federal defense raised by the defendant's answer."); *id.* at 265-66 ("From 1875 to 1887 removal had been allowed on the basis of a federal defense. The American Law Institute proposed that once again this should be allowed, but there seems to be no movement in that direction.").

> It is perfectly plain that the removal jurisdiction of the federal court depends upon the plaintiff's complaint. Unless the plaintiff's complaint relies upon federal law, there is simply no federal-question removal jurisdiction. The fact that the state court defendant might rely on federal rights, be they constitutional or statutory, in defense of the action does not confer federal question removal jurisdiction.

*Lanham v. Griffin*, 7 F. Supp. 2d 644, 645 (D. Md. 1998) (internal citation omitted).

Other courts have found sanctions to be appropriate in similar circumstances. In *Curran v. Price*, the defendants removed a case that "raised no federal question, but sought relief only under Maryland law." 150 F.R.D. 85, 86 (D. Md. 1993). The court in that case noted that

> the problem with . . . this is that the case was not removable, under a fundamental precept of federal removal jurisdiction. That is, the presence of a federal defense does not make a case removable, because it is the plaintiff's complaint, not the defendant's defense, that determines whether there is a federal question upon which removal can be premised. This concept is firmly rooted in case law. *See, e.g.*, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (wherein the Supreme Court itself noted that the principle is entirely settled).

*Id.* It then found that the removal notice "was not well-grounded in law" and was therefore "signed and filed in violation of" Rule 11. *Id.* Similarly, I **FIND** that Ethicon's groundless removal of this case violated Rule 11 and warrants sanctions.

Because I have determined that Ethicon's behavior is sanctionable, I must determine the appropriate sanction in this case. In *Curran*, the court rejected the idea of a monetary fine or mandated CLE course to educate defense counsel, and directed defense counsel to copy a section of *Federal Practice and Procedure* by hand. *See id.* at 87. The court determined in that case, it was "the least drastic—and likely a very effective—way of impressing the appropriate principles of federal removal jurisdiction upon counsel's long-term memory." *Id.* The court recognized that the plaintiff in that case could recover attorney's fees pursuant to 28 U.S.C. § 1447(c), and found that a further penalty was also warranted. *See id.* In *Curran*, the court found that in addition to the award of fees under 28 U.S.C. § 1447(c), a non-monetary sanction was appropriate "because the improper filing . . . resulted as much or more from ignorance of the law as from anything else[.]" *Id.*

In this case, I do not believe that defense counsel's actions were motivated by ignorance of the law. These are competent attorneys who knew or should have known when the notice of removal was filed that their arguments were objectively unreasonable and had no chance of success. Defense counsel's motives here seem to be calculated to keep these cases out of state court for as long as possible and to waste the court's time and the plaintiff's resources. The purpose of Rule 11 sanctions is "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Fed. R. Civ. P. 11 advisory committee's note. It allows for a wide variety of both monetary or nonmonetary sanctions, depending on a variety of factors, including "[w]hether conduct was willful, or negligent; whether it was part of a pattern of

8

activity or an isolated event; . . . whether the person has engaged in similar conduct in other litigation; . . . [and] what effect it had on the litigation process in time or expense[.]" *Id.* Pursuant to an order entered today, I awarded the plaintiff fees and costs under 28 U.S.C. 1447(c), to be determined once plaintiff has submitted an accounting. I **FIND** that the appropriate sanction for defense counsel in this case is equal to the same amount awarded under 28 U.S.C. § 1447(c). In effect, once that amount is determined, the plaintiff will be awarded fees and costs under § 1447(c) and the defendants will also be sanctioned in that same amount under Rule 11.

IV. **Conclusion**

For the reasons set forth above, Plaintiff Ann Wilson's Motion for Sanctions [Docket 19] is **GRANTED**. The law firm filing the notice of removal in this case, Drinker Biddle & Reath LLP, is hereby **SANCTIONED** in an amount equal to the plaintiff's just costs and attorney's fees incurred in handling the motion to remand. The full amount of the sanction will be determined by the court after the plaintiff has filed an accounting.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 13, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE